

PROB 12C
(Rev.2011)

# United States District Court
**for**
## Middle District of Tennessee

## Petition for Summons for Offender Under Supervision

Name of Offender: Wendell Jason Fluellen Case Number: 3:10-00234

Name of Judicial Officer: The Honorable William J. Haynes, Jr., Chief U.S. District Judge

Date of Original Sentence: December 12, 2011

Original Offense: 18 U.S.C. § 2113(a) and (d) Armed Bank Robbery

Original Sentence: 12 months' custody followed by 3 years' supervised release

Type of Supervision: Supervised Release Date Supervision Commenced: December 4, 2012

Assistant U.S. Attorney: Scarlett Singleton Defense Attorney: Caryll S. Alpert

---

**PETITIONING THE COURT**

X To issue a Summons.
____ To issue a Warrant.

---

**THE COURT ORDERS:**

☐ No Action
☐ The Issuance of a Warrant:
☐ Sealed Pending Warrant Execution
(cc: U.S. Probation and U.S. Marshal only)
☑ The Issuance of a Summons.
☐ Other

Considered this 22 day of January, ~~2013~~ 2014
and made a part of the records in the above case.

William J. Haynes, Jr.
Chief United States District Judge

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

Eric Illarmo
U.S. Probation Officer

Place Nashville, TN

Date December 20, 2013

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation No. Nature of Noncompliance

1. **The defendant shall not commit another federal, state, or local crime.**

The defendant violated this condition as evidenced by his arrest for Driving Under the Influence, Implied Consent Violation, and Driving On a Suspended License, on December 19, 2013, by the Hendersonville Police Department.

According to records provided by the Hendersonville Police Department, the defendant was the driver of a vehicle stopped for erratic driving. The defendant failed a field sobriety test and refused to submit to a blood alcohol test. Officer's discovered that the defendant's driver's license was suspended. The defendant has a court date of February 11, 2014, in Sumner County General Sessions Court.

2. **The defendant shall refrain from any unlawful use of a controlled substance.**

The defendant violated this condition as evidenced by a drug screen, administered on November 8, 2013, which tested positive for amphetamine use. At that time, the defendant admitted that he took an Adderal pill that was not prescribed to him.

The defendant, again, violated this condition as evidenced by a drug screen, administered on December 20, 2013, which tested positive for marijuana and cocaine use. At that time, the defendant admitted that he consumed a marijuana-laced brownie a week prior to the test and 2/10 of a gram of cocaine on December 18, 2013.

3. **The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.**

The defendant violated this condition in that he has been unemployed, without excuse, from August 19, 2013, until present. He has shown minimal efforts to obtain employment.

4. **The defendant shall notify the probation officer at least 10 days prior to any change in residence or employment.**

The defendant violated this condition in that he moved from his previously reported residence without prior notice on or about October 19, 2013. He did not provide his new address until November 5, 2013. During that period, the probation officer attempted to contact the defendant at the incorrect address in person, by letter, and by telephone to provide employment counseling.

**Compliance with Supervision Conditions and Prior Interventions:**
Mr. Wendell Jason Fluellen began his term of supervised release on December 4, 2012, and is scheduled to complete his term on December 3, 2015. He is currently unemployed.

Mr. Fluellen began his term of supervision with a special condition of residing in a community or halfway house for a period of 12 months. As a result of his time in custody, served before sentencing, the defendant never entered the custody of the Bureau of Prisons. As such, he did not enter the halfway house until January 20, 2013. During his stay at the halfway house, he was disciplined three times. On February 15, 2013, the defendant was disciplined for terminating employment without proper notice. He reportedly walked off of a full-time job during his first day of work. On March 19, 2013, the defendant was disciplined for possession of an electronic device that was capable of accessing the internet, contrary to the rules of the facility. Finally, on March 21, 2013, the defendant was disciplined for use of alcohol. The probation officer was present at the disciplinary hearing and observed that the defendant denied use of alcohol despite the lab reports presented as evidence. He also questioned the officials present as to why other residents who drank alcohol were not disciplined.

On April 15, 2013, the defendant was released from the halfway house by order of this Court. The defendant's stated plan was to obtain better employment, reside with his mother, and secure the custody of his children, who were reportedly residing in unsatisfactory conditions. However, on August, 18, 2013, the defendant reportedly quit his job without securing other employment. He reportedly no longer has contact with his mother after arguing over money, and he has made minimal efforts to secure custody of his children.

Mr. Fluellen continues to owe $75 on his special assessment and has made no payments toward his $1,014 in ordered restitution.

**Update of Offender Characteristics:**
There is no additional information relevant to this section that has not already been provided in this petition.

**U.S. Probation Officer Recommendation:**
It is respectfully requested that a summons be issued for Mr. Wendell Jason Fluellen, so that he may appear before the Court to answer to the violation behavior outlined above. This matter has been reported to a representative of the U.S. Attorney's office who concurs with the recommendation.

Approved: ______________________
Britton Shelton
Supervisory U.S. Probation Officer

**SENTENCING RECOMMENDATION**
**UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE**
**UNITED STATES V. WENDELL JASON FLUELLEN, CASE NO. 3:10-00234**

**GRADE OF VIOLATION:** **C**
**CRIMINAL HISTORY:** **II**

**ORIGINAL OFFENSE DATE:** **POST APRIL 30, 2003** **PROTECT ACT PROVISIONS**

| | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | **3 years (Class B felony)** *18 U.S.C. § 3583(e)(3)* | **4-10 months** *U.S.S.G. §7B1.4(a)* | **No recommendation** |
| SUPERVISED RELEASE: | **5 years less any term of imprisonment** *18 U.S.C. 3583(h)* | **2 to 5 years** *U.S.S.G. §5D1.2(a)(1)* | **No recommendation** |

Upon a finding, by the preponderance of the evidence, that the defendant violated a condition of supervised release, the Court may revoke the term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statue for the offense that resulted in such term of supervised release, 18 U.S.C. § 3583(e)(3).

**Guideline Policy Statements:** Upon a finding of a Grade C violation, the Court may revoke probation or supervised release or extend the term of probation or supervised release and/or modify the conditions of supervision, U.S.S.G. § 7B1.3(a)(2).

Respectfully Submitted

Eric Illarmo
U.S. Probation Officer

Approved:

Britton Shelton
Supervisory U.S. Probation Officer

# VIOLATION WORKSHEET

1. Defendant Wendell Jason Fluellen

2. Docket Number (Year-Sequence-Defendant No.) 3:10-00234

3. District/Office Middle District of Tennessee

4. Original Sentence Date December 12, 2011
*month day year*

(if different than above):

5. Original District/Office Same as above

6. Original Docket Number (Year-Sequence-Defendant No.) Same as above

7. List each violation and determine the applicable grade (see §7B1.1):

| Violation(s) | Grade |
|---|---|
| New Misdemeanor Crime | C |
| Use of Controlled Substance | C |
| Failure to Maintain Employment | C |
| Failure to Notify Prior to Changing Address | C |

8. Most Serious Grade of Violation (see §7B1.1(b)) — C

9. Criminal History Category (see §7B1.4(a)) — II

10. Range of Imprisonment (see §7B1.4(a)) — 4-10 months

11. Sentencing Options for Grade B and C Violations Only (Check the appropriate box):

■ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

(b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

(c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available. Any term imposed upon revocation shall be ordered to be served consecutively to any sentence of imprisonment, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation. § 7B1.3(f).

Defendant: Wendell Jason Fluellen

12. Unsatisfied Conditions of Original Sentence

List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

Restitution($): $1,089 | Community Confinement: 0

SA($): $75 | Home Detention: 0

Other: 0 | Intermittent Confinement: 0

13. Supervised Release

If supervision is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

Term: ______________________________

The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original sentence.

Period of supervised release to be served following release from imprisonment: ________________

14. Departure

List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

15. Official Detention Adjustment (see §7B1.3(e)): ________ months __________ days